# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEREK MYERS, | ) CASE NO. 2:19-CV-01458 |
| Plaintiff, | ) JUDGE ALGENON L. MARBLEY |
| vs. | ) **ANSWER OF DEFENDANTS VILLAGE** |
| | ) **OF NEW HOLLAND, CLAIR "BUTCH"** |
| VILLAGE OF NEW HOLLAND, OHIO, et al., | ) **BETZKO, WILLIAM "JAMES"** |
| | ) **LAWLESS AND CHRISTOPHER** |
| | ) **MOSLEY TO PLAINTIFF'S** |
| Defendants | ) **COMPLAINT** |

**(Jury Demand Endorsed hereon)**

Now come Defendants Village of New Holland, Ohio, Clair "Butch" Betzko, William "Jason" Lawless, and Christopher Mosley, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to the Plaintiff's Complaint, state as follows:

1. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 1 of Plaintiff's Complaint, and deny the same.

2. Paragraph 2 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response. Further answering, Defendants deny the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response. Further answering, Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and deny the same.

5.	Defendants admit the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.	Defendants admit that Defendant Clair "Butch" Betzko was the elected mayor of the Village of New Holland at all times pertinent to Plaintiff's Complaint. Further answering, these Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, and deny the same.

7.	Defendants admit that William "Jason" Lawless was employed by the Village of New Holland as its village administrator and chief of police from 2016-2018. Further answering, these Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and deny the same.

8.	Defendants admit that Christopher Mosley is currently employed by the Village of New Holland as its interim village administrator and chief of police. Further answering, these Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, and deny the same.

9.	Defendants deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.	Defendants incorporate by reference each and every admission, denial and affirmative defense set forth in Paragraphs 1-9 of Plaintiff's Complaint as if fully re-written herein.

11.	Defendants deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.	Defendants deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.	These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 13 of Plaintiff's Complaint, and deny the same.

14.	These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 14 of Plaintiff's Complaint, and deny the same.

15. Defendants admit that Paragraph 15 of Plaintiff's Complaint is a partial transcription between Chief Lawless and the Plaintiff.

16. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 16 of Plaintiff's Complaint, and deny the same.

17. Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 18 of Plaintiff's Complaint, and deny the same.

19. Defendants deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 20 of Plaintiff's Complaint, and deny the same.

21. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 21 of Plaintiff's Complaint, and deny the same.

22. Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 23 of Plaintiff's Complaint, and deny the same.

24. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 24 of Plaintiff's Complaint, and deny the same.

25. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 25 of Plaintiff's Complaint, and deny the same.

26. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 26 of Plaintiff's Complaint, and deny the same.

27. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 27 of Plaintiff's Complaint, and deny the same.

28.     Defendants admit that Defendant Lawless pulled over Henry Onions on October 7, 2017 for a traffic violation. Further answering, Defendants deny the remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.     These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 29 of Plaintiff's Complaint, and deny the same.

30.     Defendants deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants admit that Plaintiff was pulled over for traffic violations. Further answering, Defendants deny the remaining allegations set forth in 35 of Plaintiff's Complaint.

36.     Defendants admit the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants admit that Paragraph 38 of Plaintiff's Complaint quotes a very selective and incomplete description of the communications that transpired.

39.     These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 39 of Plaintiff's Complaint, and deny the same.

40.     These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 40 of Plaintiff's Complaint, and deny the same.

41.     These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 41 of Plaintiff's Complaint, and deny the same.

42.     Defendants admit the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 43 of Plaintiff's Complaint, and deny the same.

44. Defendants admit the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Paragraph 45 of Plaintiff's Complaint calls for a legal conclusion for which these answering Defendants owe no response. Further answering, these Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 45 of Plaintiff's Complaint, and deny the same.

46. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 46 of Plaintiff's Complaint, and deny the same.

47. Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendants admit the 3 complaints identified in Paragraph 48 of Plaintiff's Complaint. Further answering, these Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 48 of Plaintiff's Complaint, and deny the same.

49. Defendants admit the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 50 of Plaintiff's Complaint, and deny the same.

51. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 51 of Plaintiff's Complaint, and deny the same.

52. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 52 of Plaintiff's Complaint, and deny the same.

53. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 53 of Plaintiff's Complaint, and deny the same.

54. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 54 of Plaintiff's Complaint, and deny the same.

55. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 55 of Plaintiff's Complaint, and deny the same.

56. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 56 of Plaintiff's Complaint, and deny the same.

57. Defendants deny the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. Defendants admit Plaintiff was charged per the charges as set forth in *Village of New Holland v. Derek Myers, 17TR00389*. Further answering, these Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 58 of Plaintiff's Complaint, and deny the same.

59. Defendants deny the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60. Defendants admit the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendants admit that Chief Lawless sent Officer Mick to arrest Derek Myers on November 30, 2017 due to his failure to appear in Court. Defendants deny the remaining allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. Defendants admit the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. Defendants admit that, on or about July 19, 2018, Sergeant Mick signed an affidavit to execute the November 30, 2017 arrest warrant against Myers. Further answering, Defendants deny the remaining allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 65 of Plaintiff's Complaint, and deny the same.

66. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 66 of Plaintiff's Complaint, and deny the same.

67. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 67 of Plaintiff's Complaint, and deny the same.

68. Defendants admit that a call was received on February 23, 2018 at 12:30:27 from the cellphone of Brenda Caroll-Landman. Defendants deny the remaining allegations set forth in Paragraph 68 of Plaintiff's Complaint.

69. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 69 of Plaintiff's Complaint, and deny the same.

70. Defendants admit that Mayor Betzko instructed Officer Mick to discontinue the interview of Ms. Caroll-Landman. Further answering, Defendants deny the remaining allegations set forth in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of Plaintiff's Complaint.

73. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 73 of Plaintiff's Complaint, and deny the same.

74. Defendants admit that Defendant Lawless was charged with criminal trespass in May of 2018. Defendants deny the remaining allegations set forth in Paragraph 74 of Plaintiff's Complaint.

75. Defendants admit the misdemeanor charge of falsification was filed against Karen Francis and that the charges were later dismissed. Further answering, Defendants deny the remaining allegations set forth in Paragraph 75 of Plaintiff's Complaint.

76. Defendants admit the allegations set forth in Paragraph76 of Plaintiff's Complaint.

77. Defendants deny the allegations set forth in Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of Plaintiff's Complaint.

79. Defendants admit the allegations set forth in Paragraph 79 of Plaintiff's Complaint.

80. Defendants admit the allegations set forth in Paragraph 80 of Plaintiff's Complaint.

81. Defendants admit the allegations set forth in Paragraph 81 of Plaintiff's Complaint.

82. Defendants admit the allegations set forth in Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations set forth in Paragraph 83 of Plaintiff's Complaint.

84. Defendants admit the allegations set forth in Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations set forth in Paragraph 85 of Plaintiff's Complaint.

86. These Defendants are without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 86 of Plaintiff's Complaint, and deny the same.

87. Defendants admit the allegations set forth in Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations set forth in Paragraph 89 of Plaintiff's Complaint.

90. Defendants admit the allegations set forth in Paragraph 90 of Plaintiff's Complaint.

91. Defendants admit the allegations set forth in Paragraph 91 of Plaintiff's Complaint.

92. Defendants incorporate by reference each and every admission, denial and affirmative defense set forth in Paragraphs 1-91 of Plaintiff's Complaint as if fully re-written herein.

93. Paragraph 93 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response.

94. Defendants deny the allegations set forth in Paragraph 94 of Plaintiff's Complaint.

95. Defendants deny the allegations set forth in Paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations set forth in Paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations set forth in Paragraph 97 of Plaintiff's Complaint.

98. Defendants incorporate by reference each and every admission, denial and affirmative defense set forth in Paragraphs 1-97 of Plaintiff's Complaint as if fully re-written herein.

99. Paragraph 99 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response.

100. Paragraph 100 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response.

101. Paragraph 101 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response.

102. Defendants admit the allegations set forth in Paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations set forth in Paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations set forth in Paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations set forth in Paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations set forth in Paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations set forth in Paragraph 107 of Plaintiff's Complaint.

108. Defendants deny the allegations set forth in Paragraph 108 of Plaintiff's Complaint.

109. Defendants incorporate by reference each and every admission, denial and affirmative defense set forth in Paragraphs 1-108 of Plaintiff's Complaint as if fully re-written herein.

110. Paragraph 110 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response.

111. Paragraph 111 of Plaintiff's Complaint calls for a legal conclusion to which these answering Defendants owe no response.

112. Defendants deny the allegations set forth in Paragraph 112 of Plaintiff's Complaint.

113. Defendants deny the allegations set forth in Paragraph 113 of Plaintiff's Complaint.

114. Defendants deny the allegations set forth in Paragraph 114 of Plaintiff's Complaint.

115. Defendants incorporate by reference each and every admission, denial and affirmative defense set forth in Paragraphs 1-114 of Plaintiff's Complaint as if fully re-written herein.

116. Defendants deny the allegations set forth in Paragraph 116 of Plaintiff's Complaint.

117. Defendants deny the allegations set forth in Paragraph 117 of Plaintiff's Complaint.

118. Defendants deny the allegations set forth in Paragraph 118 of Plaintiff's Complaint.

119. Defendants deny the allegations set forth in Paragraph 119 of Plaintiff's Complaint.

120. Defendants deny the allegations set forth in Paragraph 120 of Plaintiff's Complaint.

121. Defendants incorporate by reference each and every admission, denial and affirmative defense set forth in Paragraphs 1-120 of Plaintiff's Complaint as if fully re-written herein.

122. While denying all liability for the causes of action asserted by Plaintiff, Defendants admit that they were acting as employees or agents of the Village of New Holland and acting within the course and scope of their employment at all times pertinent to Plaintiff's Complaint.

123. Defendants deny the allegations set forth in Paragraph 123 of Plaintiff's Complaint.

124. Defendants deny the allegations set forth in Paragraph 124 of Plaintiff's Complaint.

125. Defendants deny the allegations set forth in Paragraph 125 of Plaintiff's Complaint.

126. Defendants deny the allegations set forth in Paragraph 126 of Plaintiff's Complaint.

127. Defendants deny the allegations set forth in Paragraph 127 of Plaintiff's Complaint.

128. Defendants deny the allegations set forth in Paragraph 128 of Plaintiff's Complaint.

129. Defendants deny the allegations set forth in Paragraph 129 of Plaintiff's Complaint.

130. Defendants deny the allegations set forth in Paragraph 130 of Plaintiff's Complaint.

131. Defendants deny the allegations set forth in Paragraph 131 of Plaintiff's Complaint.

132. Defendants deny each and every allegation set forth in Plaintiff's Complaint not specifically admitted to herein as true.

## **AFFIRMATIVE DEFENSES**

1. The Defendants state that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. The Defendants state that the allegations in the Complaint do not rise to the level of a constitutional deprivation.

3. At all times Defendants acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio statutory provisions, and all state and local laws relative thereto.

4. The Defendants state that Plaintiff is precluded from pursuing his claims by virtue of the qualified immunity granted to Defendants by law.

5. If Plaintiff was injured or damaged, any and all such injury or damage was a proximate result of the acts and/or omissions of persons and/or entities not under the control of Defendants.

6. The Defendants state that the Plaintiff has failed to mitigate his damages.

7. Plaintiff's Complaint has failed to join all indispensable parties to this action as required by Rule 19 of the Federal Rules of Civil Procedure.

8. If, in fact, Defendants performed any wrongful acts, which are specifically denied, such

acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

9. The Defendants state that Plaintiff's claims are barred by the applicable statute of limitations.

10. The Defendants state that Plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata, Release and/or Waiver.

11. The Defendants state that there has been an insufficiency of process and an insufficiency of service of process upon them.

12. The Defendants state that they reserve the right to assert additional affirmative defenses as discovery warrants.

13. The Defendants state that the Plaintiff's claim for punitive damages is (1) in violation of the procedural and substantive due process guaranties afforded by Article I, Section 16 of the Constitution of the State of Ohio and the Fifth and Fourteenth Amendments to the Constitution of the United States; (2) in violation of the guaranties against the taking of property without adequate consideration therefore and Article I, Section 19 of the Constitution of the State of Ohio and the Fifth and Fourteenth Amendments to the Constitution of the United States; and (3) in violation of the guaranties of equal protection of the laws afforded by Article I, Section 2 of the Constitution of the State of Ohio and the Fifth and Fourteenth Amendments to the Constitution of the United States.

**WHEREFORE,** having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Paul-Michael La Fayette*
PAUL-MICHAEL LA FAYETTE  (0067031)
175 South Third Street
Suite 1000
Columbus, OH  43215
(614) 228-5931
(614) 228-5934 – Fax
plafayette@mrrlaw.com

*Counsel for Defendants Village of New Holland, Ohio, Clair "Butch" Betzko, William "Jason" Lawless, and Christopher Mosley*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/Paul-Michael La Fayette*
PAUL-MICHAEL LA FAYETTE  (0067031)

*Counsel for Defendants Village of New Holland, Ohio, Clair "Butch" Betzko, William "Jason" Lawless, and Christopher Mosley*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Paul-Michael La Fayette*
PAUL-MICHAEL LA FAYETTE  (0067031)

*Counsel for Defendants Village of New Holland, Ohio, Clair "Butch" Betzko, William "Jason" Lawless, and Christopher Mosley*