**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DEREK MYERS,**

      **Plaintiff,**

   v.                                     Civil Action 2:19-cv-1458
                                              Chief Judge Algenon L. Marbley
                                              Magistrate Judge Jolson

**VILLAGE OF NEW HOLLAND, et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion for Leave to File Amended Complaint (Doc. 22). For the following reasons, Plaintiff's Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff Derek Myers filed the instant suit on April 16, 2019, alleging Defendants Village of New Holland, Clair Betzko, William Jason Lawless, and Christopher Mosley violated his First Amendment rights. (*See generally* Doc. 1). On November 2, 2020, Plaintiff filed a Motion for Leave to File seeking "to add pertinent, relevant and compulsory state claims" to his complaint. (Doc. 16 at 2). Plaintiff then withdrew that Motion and filed an amended Motion for Leave to File (Doc. 22). Plaintiff's amended motion seeks to add seven Ohio claims: malicious prosecution; civil conspiracy; abuse of process; intentional infliction of emotional distress; defamation; and civil theft. (*Id*. at 32–38). This matter is ripe for review.

**II.    STANDARD OF REVIEW**

Two federal rules govern Plaintiff's Motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor

of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But because Plaintiff moved to amend after the Court's October 1, 2019, amendment deadline, he "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). This Court has noted that "the touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

### III.  DISCUSSION

As noted, the Court must first decide whether Plaintiff has shown good cause under Rule 16(b) before turning to Rule 15(a)'s more generous standard.

### A. Rule 16(b)

In evaluating good cause under Rule 16(b), Plaintiff's diligence is key. *Cooke*, 2007 WL 188568, at *2; *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). The moving party may still be deemed to have acted diligently when the factual basis supporting an amendment is not disclosed until after the deadline set in the scheduling order. *Cooke*, 2007 WL 188568, at *2.

Plaintiff has shown good cause here. To begin, he asserts that his previous counsel failed to include these state law claims in his original complaint. (Doc. 22 at 2–3). Now, with the guidance of his new lawyer, Plaintiff seeks to add these compulsory state law claims, "which may be barred unless heard [here] . . . " (*Id.*). So, says Plaintiff, he could not have met his original deadline "despite [his] diligence." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In addition, Plaintiff contends that his claim for civil theft (Doc. 22 at 38), is "based upon newly disclosed discovery from Defendants"—and disclosure occurred after the amendment deadline. (*See* Doc. 22 at 38; Doc. 25 at 2). Given that Plaintiff has new counsel and amendment is partially based upon newly discovered evidence, the Court finds that Plaintiff exercised diligence. *See Cooke*, 2007 WL 188568, at *2 (noting that amendment may still be appropriate where the facts underpinning the additional claims were not discovered until after the deadline to amend).

Even if Plaintiff was diligent, Defendants still challenge amendment, asserting that the new claims "do not arise from the same nucleus of operative fact and [will] require additional discovery." (Doc. 24 at 3). But a review of the proposed amendment shows that the additional allegations are within the scope of the prior complaint. So amendment will not require Defendants

3

to incur significant additional costs in discovery or to develop a new defense strategy. *See Chkrs, LLC v. City of Dublin, Ohio*, No. 2:18-CV-1366, 2019 WL 3975447, at *13 (S.D. Ohio Aug. 22, 2019) (citation, internal quotations, and alteration omitted) (finding no undue prejudice where "granting leave to amend will not require Defendants to expend significant additional resources to conduct discovery and prepare for trial"). And a bit more of required discovery generally does not change the Court's good cause finding. *See U-Haul Int'l, Inc.*, 286 F.R.D. at 325 ("Prejudice to the non-moving party is a relevant consideration [in a 16(b) analysis], 'but the main focus should remain on the moving party's exercise of diligence.'") (quoting *Cooke*, 2007 WL 188568, at *2).

Therefore, pursuant to its "broad discretion in deciding motions for leave to amend," the Court finds that Plaintiff exercised diligence in attempting to adhere to this Court's case schedule, and has, therefore, fulfilled Rule 16(b)'s good cause requirement.

**B. Rule 15(a)**

Turning to Rule 15(a), Plaintiff has satisfied this standard as well. The Court finds no evidence of bad faith or dilatory motive on Plaintiff's part. And while Plaintiff withdrew his first attempt to amend, there have not been repeated failures to cure deficiencies by amendments previously allowed. *See Foman*, 371 U.S. at 182. To the contrary, Plaintiff timely raised the most recent pleadings issue with counsel and the Court.

As for futility, Defendants contend that "[t]he new claims asserted against the Village of New Holland in the Plaintiff's Motion for Leave would not survive a Motion to Dismiss . . . " (Doc. 24 at 6). Specifically, Defendants argue that New Holland is immune from Plaintiff's state law claims as a political subdivision and that there are "no plausible facts to allege that the named Defendants stole any property from the Plaintiff." (*Id*. at 8). Yet, at this stage, the Court's role is

4

to evaluate "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015).

On their face, the proposed amendments (Doc. 22 at 32–38) are not futile, and they meet this low bar as a result. Specifically, while a political subdivision, such as the Village of New Holland, may be immune from liability in some instances, such immunity does not apply to actions taken in bad faith. R.C. 2744.03(5)–(6). And Plaintiff raises a non-frivolous bad faith claim against Defendants, including the Village of New Holland. (*See* Doc. 25 at 4). Plaintiff's proposed allegations are, therefore, not so "obviousl[y] [futile] that [they] should be disallowed." *Bear*, 2015 WL 1954451, at *3. Any further scrutiny would require the Undersigned to directly address the merits of the proposed Second Amended Complaint. *See id.* It is "the better exercise of discretion to permit the amendment" and allow Defendants to address the sufficiency of the pleadings in a dispositive motion before the District Judge. *Id.*; *see also Durthaler v. Accounts Receivable Mngmt., Inc.,* 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (noting that "[a] court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous").

## IV. CONCLUSION

For the foregoing reasons Plaintiff's Second Motion for Leave to File Amended Complaint (Doc. 22) is **GRANTED**. The Clerk is directed to file PageID #119–154 as the First Amended Complaint in this matter.

IT IS SO ORDERED.

Date: December 30, 2020                                    /s/ Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE