**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

DEREK MYERS,                                               :
                                                          :
    Plaintiff,                         :
                                                          :          Case No. 2:19-cv-01458
    v.                                 :          Judge Algenon Marbley
                                                          :          Magistrate Judge Kimberly Jolson
VILLAGE OF NEW HOLLAND, OHIO, et al.,                     :
                                                          :
    Defendants.                        :

## FIRST AMENDED COMPLAINT

Plaintiff, Derek Myers ("Plaintiff Myers") brings this action against defendants, Village of New Holland, Ohio ("Defendant New Holland"), Clair Betzko ("Defendant Betzko") in his individual and official capacities, William Jason Lawless ("Defendant Lawless") in his individual and official capacities, and Christopher Mosley ("Defendant Mosley") in his individual and official capacities (Collectively "Defendants").

## I.   PRELIMINARY STATEMENT

1. This action is a civil rights action brought by the Plaintiff against Defendants for multiple acts of harassment in retaliation for his news reporting about improper behavior of Defendants. In an effort to silence and discredit Plaintiff Myers, the Village of New Holland through its police division waged a campaign against him which included false arrests, threats, intimidation, and harassment. These actions were taken to silence Plaintiff Myers and to punish him for exercising his First Amendment rights.

2. The claims set forth in this Complaint arise out of deprivations of Plaintiff Myer's Constitutional rights guaranteed by the Fourth, Sixth and Fourteenth Amendments of the United States Constitution. In addition to Plaintiff's claims under Federal

Law, Plaintiff Myer's action also includes claims under Ohio state statutory and common laws.

II.   **PARTIES AND JURISDICTION**

3.  At all times relevant herein, Plaintiff Myers, was a resident of Fayette, Pickaway, and/or Warren County, Ohio.

4.  At all times relevant to this case, Defendant New Holland is a political subdivision organized and existing under the laws of the State of Ohio. The New Holland Division of Police is a subdivision of Defendant New Holland.

5.  At all times relevant to this case, Defendant Betzko was employed by the Village of New Holland as its Mayor. Betzko is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

6.  Defendant Lawless was employed by the Village of New Holland as its Village Administrator and Chief of Police from 2016 through July 2018. Defendant lawless is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

7.  Defendant Mosley is employed by the Village of New Holland as its Village Administrator and Chief of Police. He began his position in August 2018. Defendant Mosley is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

8.  The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action arises under the laws of the United States and involves federal questions, including, but not limited to, those related to United States Constitution

2

Amendments IV and XIV, § 1983 and § 1985. This Court also has pendent jurisdiction of state law claims pursuant to 28 US.C. § 1367.

9. Jurisdiction is proper as the Causes of Action are brought pursuant to the laws of the United States and/or utilize the same core of operative facts and is, therefore, subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. Venue lies in the Southern District of Ohio because the facts leading to the dispute between the parties occurred in Fayette County, Ohio and Pickaway, County, Ohio, both counties within this District, and the Defendants are doing business in this District.

### III.  COMMON ALLEGATIONS AS TO ALL CLAIMS

#### BACKGROUND

11. Plaintiff Myers is a freelance television and print news reporter. He runs several social media platforms and, at all times relevant to this case, he used those platforms to share local news stories in and around Pickaway County, Ohio and Fayette County, Ohio.

12. At or about February 2017, Plaintiff Myers began doing ride-alongs with Defendant Lawless, the then Chief of Police and Administrator of Defendant New Holland, to assist Defendant Lawless in investigating allegations of corruption that Plaintiff Myers had received from his sources.

13. Plaintiff Myers used his journalism platforms to exercise his First Amendment rights to report on issues within the Village of New Holland, causing Defendants, many New Holland policymakers, and residents to dislike Plaintiff Myers.

3

14. During the course of Plaintiff Myers' investigation of New Holland, Plaintiff Myers learned that the New Holland mayor, Defendant Betzko, had signed some timecards for Defendant Betzko's son who also worked for Defendant New Holland, which was a potential conflict of interest.

15. Plaintiff Myers reached out to Defendant Betzko via text message on October 5, 2017 at 8:29 P.M. requesting any comment on the pending timecard story that Plaintiff Myers was going to publish.

16. Defendant Betzko did not respond to Plaintiff Myers' request as outlined in Paragraph 15 herein but twelve hours later Plaintiff Myers received a text message from Defendant Lawless.

17. The text message, referenced in Paragraph 16 herein, received at 9:00 A.M. on October 6, 2017, read: "Its [sic] Lawless. I need you to come to my office today. Its [sic] very important. Let me know what time u [sic] can be here."

18. Plaintiff Myers responded by text and asked Defendant Lawless why he needed to come to his office but Defendant Lawless did not respond.

19. In addition to discovering information about Defendant Betko signing his son's timecards, Plaintiff Myers had also uncovered other information that could shed a bad light on the Village of New Holland and on its police department, including Plaintiff Myers witnessing Defendant Lawless threatening officers about ticket quotas and forcing them to write a certain number of citations each shift, or they would face discipline.

4

20. Plaintiff Myers had intentions of releasing a series of these other articles about the Village of New Holland and was concerned that Defendant Lawless and Defendant Betzko were panicking about potential backlash from these publications.

21. Plaintiff Myers called Defendant Lawless and asked why he wanted to see him so urgently, wherein Defendant Lawless told Plaintiff Myers that he did not want to talk about it over the phone or through text, and that it was in Plaintiff Myers' best interest to come into Defendant Lawless' office that day.

22. On October 6, 2017, after Defendant Lawless did not provide information on why it was so urgent to meet with Plaintiff Myers, Plaintiff Myers reached out to Defendant Betzko's clerk, Shannon Clegg.

23. When Plaintiff Myers asked Ms. Clegg why Defendant Lawless wanted him to come into the police station, Ms. Clegg informed Plaintiff Myers that Defendant Lawless wanted to meet with him because Defendant Betzko did not want Plaintiff Myers to release the story about his son's timecards.

24. Ms. Clegg further informed Plaintiff Myers that Defendant Lawless told her that if Plaintiff Myers did not back off and leave New Holland alone, then charges would be filed against Plaintiff Myers for allegedly disrupting the August 8, 2017 New Holland Village Council Meeting and the New Holland Police Division would investigate criminal charges against Plaintiff Myers for allegedly having sex with minor boys.

25. Ms. Clegg further informed Plaintiff Myers that Henry Onions was someone Defendant Lawless had stated would be able to corroborate these charges.

26. Plaintiff Myers told Ms. Clegg, "you know none of that stuff happened," and Ms. Clegg agreed but then just continued to warn Plaintiff Myers not to publish the story or he would "regret it."

27. On October 6, 2017, Plaintiff Myers authored and posted an article online entitled "EXCLUSIVE: Mayor Signing Son's Time Cards," reporting that the New Holland mayor, Defendant Betzko, was signing timecards for his son and noted that this was an ethical violation.

28. In addition to posting the news article about the timecards, Plaintiff Myers contacted the FBI and reported the conversation Plaintiff Myers had with Ms. Clegg about Defendant Lawless threatening him with false and fabricated criminal charges in order to quash the publication of the news article.

29. Plaintiff Myers was concerned that Defendant Lawless would abuse his position of power as Chief of Police and frame Plaintiff Myers for crimes he did not commit.

30. Plaintiff Myers was informed by the FBI that the case would be assigned to a local field office for investigation.

**OCTOBER 7, 2017 –SPEED AND FAILURE TO SIGNAL**

31. On October 7, 2017, the day after he posted the timecard article, Plaintiff Myers became aware that Defendant Lawless had pulled over Henry Onions and was conducting a longer than normal traffic stop.

32. Plaintiff Myers traveled to the scene of the stop.

33. Upon arriving at the location of the traffic stop, Plaintiff Myers observed both Defendant Lawless and Defendant Betzko together.

6

34. Plaintiff Myers approached Defendant Lawless and asked him about the traffic stop.

35. Plaintiff Myers pulled his vehicle next to Defendant Lawless' vehicle and informed Defendant Lawless to stop the harassment upon him and to leave him alone.

36. When Plaintiff Myers started to drive away Defendant Lawless then followed Plaintiff Myers.

37. After traveling less than 500 feet, Defendant Lawless turned on his cruiser flashers and pulled over Plaintiff Myers under the false pretense that Plaintiff Myers was speeding and had failed to use his turn signal when he was leaving the scene of the initial traffic stop just 500 feet away.

38. Plaintiff Myers disputes that he was speeding and disputes that he failed to use a turn signal.

39. Defendant Lawless gave Plaintiff Myers two tickets, one for speeding and one for failing to use a turn signal. (*The Village of New Holland vs. Derek Myers,* Case No. 17-TRD-00342).

40. After issuing Plaintiff Myers the two tickets, Defendant Lawless proceeded to threaten Plaintiff Myers, including but not limited to stating "I'm done with you, and you are done. You get the f***out of here and quit or you're done."

41. After the threats made by Defendant Lawless, Plaintiff Myers immediately contacted the Pickaway County Sheriff's office and met with Deputy Nicholas Poorman regarding said threats.

42. Based upon the conversation with Plaintiff Myers, Deputy Poorman completed an incident report (Pickaway County Sheriff's Office Incident No. 10-17-033),

7

alleging Defendant Lawless committed Aggravated Menacing against Plaintiff Myers.

43. The next day, October 8, 2017, Plaintiff Myers posted a lengthy article online, entitled "FBI Looking into New Holland Mayor; Sheriff Investigating Police Chief" ending with Plaintiff Myers' assertion that he had contacted the FBI and made complaints of blackmail and extortion involving Defendant Betzko and Defendant Lawless based on the events of the last two days, October 6-7, 2017.

44. On October 24, 2017, Plaintiff Myers requested that the traffic tickets he received from Defendant Lawless on October 7, 2017 be transferred from the New Holland Mayor's Court to the Circleville Municipal Court due to the obvious conflict of interest, which was summarily denied on October 25, 2017.

45. On January 24, 2018, the New Holland Mayor's court found Plaintiff Myers Guilty on both October 7, 2017 charges of speeding and failure to signal.

46. Under Ohio Revised Code (ORC) § 1905.23, Plaintiff Myers had ten days after the New Holland Mayor's court decision to file a notice of appeal which requires the case to be transferred to the local municipal court.

47. On January 24, 2018, the same date of the guilty finding by the New Holland Mayor's Court, Plaintiff Myers timely appealed the findings by filing a Notice of Appeal requesting the case to be transferred to the Circleville Municipal Court.

48. The New Holland Mayor's Court refused to follow through with the appeal and request for transfer. New Holland Mayor's court failed to transfer the case to the Circleville Municipal Court.

8

**OCTOBER 13, 2017 – TWO COUNTS OF MENACING AND DISTURBING A LAWFUL MEETING**

49. On October 13, 2017, just five days after Plaintiff Myers posted his article about contacting the FBI regarding Defendant Lawless and Defendant Betzko.  Defendant Lawless filed **-**three more criminal complaints against Plaintiff Myers.

50. The first complaint, S*tate of Ohio v. Derek Myers,* Circleville Municipal Court Case No. 17-CRB-1368-A, was for an alleged violation of ORC § 2903.22 ("Menacing") for actions Plaintiff Myers allegedly took involving Henry Onions on the evening of the traffic stop (although the Complaint refers to events that allegedly occurred on August 14, 2017, not October 7, 2017, it is assumed that this was a typographical error by Defendant Lawless).

51. The second complaint, *State of Ohio vs. Derek Myers*, Circleville Municipal Court Case No. 17-CRB-1368-B, and third complaint, *State of Ohio vs. Derek Myers,* Circleville Municipal Court Case No. 17-CRB-1368-C were alleged violations against Plaintiff Myers of ORC § 2903.22 ("Menacing") and ORC § 2917.12 ("Disturbing a lawful meeting"), for actions Plaintiff Myers allegedly took against New Holland City Council Member Greg Shaw two months earlier on August 14, 2017 at a City Council meeting.

52. A summons was issued for all three charges at the direction of Defendant Lawless, with Defendant Lawless including a printout of the article posted by Plaintiff Myers as Defendant Lawless' supporting evidence for the charges.

53. The first menacing charge against Plaintiff Myers, Circleville Municipal Court Case No. 17-CRB-01368-A, was later dismissed.

54. The second menacing charge against Plaintiff Myers, Circleville Municipal Court Case No. 17-CRB-01368-B, was later dismissed.

55. The disturbing a lawful meeting charge against Plaintiff Myers, Circleville Municipal Court Case No. 17-CRB-01368-C, was reduced to a lesser offense, a minor misdemeanor of disorderly conduct.

### OCTOBER 13, 2017 – THEFT OF PROPERTY

56. On October 13, 2017, New Holland Police Administrative Assistant and Clerk of Courts Shannon Clegg called Defendant Lawless and stated that she was "going to make sure that Derek Myers lost his phone and laptop. She said that no one was gonna (sic) get hurt, but Myers would not have his phone and laptop anymore.

57. Defendant Lawless was concerned enough about the threats from his assistant and Clerk of Courts Shannon Clegg to file an incident report, Number 2017-1142, about said phone call and threats.

58. Defendant Lawless did not inform Plaintiff Myers of the threats or phone call from Shannon Clegg.

59. Plaintiff Myers' hard drive on his laptop and one of his old phones became missing at some period in October/November 2017.

60. Unknown of the threats against him regarding stealing his phone and laptop, Plaintiff Myers did not report the items stolen.

61. Upon information and belief, at some period after October/November 2017, Defendants came into possession of Plaintiff's hard drive.

62. Defendants did not inform Plaintiff that they were in possession of his stolen/missing property.

**NOVEMBER 29, 2017 – RECKLESS OPERATION AND PEELING OUT**

63. When Plaintiff Myers visited the Mayor's court on November 29, 2017 for a hearing on his October 7, 2017 traffic tickets for "Speeding" and "Failure to Signal." Plaintiff Myers was immediately approached by a former resident of New Holland, Brenda Carroll-Landman, who was recording him via her cell phone.

64. Ms. Carroll-Landman asked Plaintiff Myers, while recording live on Facebook feed, if Plaintiff Myers "paid $200 to have sex with young boys, like you done with Henry" and made several other disturbing remarks about Plaintiff Myers.

65. During the confrontation, Ms. Carroll-Landman's video footage shows her reaching out and touching Plaintiff Myer's chest, causing him to immediately panic.

66. Plaintiff Myers was then asked to leave the building at the request of New Hollands Mayor's Court Magistrate Howard Mellon.

67. Even though Defendant Lawless was present at the time, he did not discipline or restrain Brenda Carroll-Landman.

68. Plaintiff Myers calls for help to the Pickaway County Sheriff's office who sent two deputies and an ambulance and transported Plaintiff Myers to the hospital for injuries sustained in the encounter with Brenda Carroll-Landman.

69. Defendant Lawless issued another set of tickets for Plaintiff Myers when Plaintiff Myers left the Mayor's court. Defendant Lawless charged Plaintiff Myers with "Reckless Operation" and with "Peeling Out" (*Village of New Holland vs. Derek Myers,* 17TRE00389).

70. Despite there being no evidence submitted by Defendant Lawless to support the charges of Reckless Operation and Peeling Out, Plaintiff Myers was found Guilty of Reckless Operation and Not Guilty of Peeling Out on January 24, 2018.

71. Plaintiff Myers appealed the Guilty finding on the Reckless Operation to the Circleville Municipal Court on January 24, 2018. Again, the Village of New Holland Mayor's Court failed to transfer the case to the Circleville Municipal Court as it was required to do.

**NOVEMBER 30, 2017 – RESISTING ARREST, INDUCING PANIC, AND DISORDERLY CONDUCT**

72. On November 30, 2017, New Holland issued a warrant for Plaintiff Myers' arrest in regard to Plaintiff Myers' October 7, 2017 "Speed" and "Failure to Signal" tickets, presumably because after having been assaulted by Brenda Carroll-Landman and at the instruction and order of Magistrate Mellon, Plaintiff Myers left the Mayor's court prior to the hearing on November 29, 2017.

73. Both of Plaintiff Myer's October 7, 2017 charges are minor misdemeanors, with no jail time required to be served, and therefore, it was improper for Defendant New Holland to issue such warrant and they had no probable cause to do so.

74. On November 30, 2017, Plaintiff Myers sees Defendant Lawless in the Washington Court House Municipal Court and suffers a panic attack to the point Plaintiff Myers was lying in a fetal position on the floor. Plaintiff Myers was transported by EMS to the hospital.

75. On November 30, 2017, Defendant Lawless sent New Holland Sergeant Charles "Brad" Mick to arrest Plaintiff Myers while Plaintiff Myers was at the hospital being treated for his panic attack.

76. When Plaintiff Myers is discharged from the hospital, Plaintiff Myers was presented with a warrant for his arrest in regard to the October 7, 2017 traffic tickets. During the arrest, Defendant Lawless alleges that Plaintiff Myers "resisted arrest," "induced panic," and committed "disorderly conduct." Plaintiff Myers was transported to the Pickaway County Jail and held on bond. Plaintiff Myers bonded out approximately four hours later.

77. A warrant block was sent to the BMV and Plaintiff Myers was therefore unable to renew his license.

78. Further, Plaintiff Myers personal information including his social security number and drivers license number was released by Defendant Lawless to residents and former residents of New Holland. Those residents used this information to access the BMV's online portal and post on social media Plaintiff Myers personal, sensitive information.

79. On November 30, 2017, Defendant Lawless filed three more criminal complaints against Plaintiff Myers, for "Inducing Panic," "Disorderly Conduct," and "Resisting Arrest."

80. On July 19, 2018, Sergeant "Brad" Mick signed an affidavit, stating that he was forced by his supervisor Defendant Lawless to execute the November 30, 2017 arrest warrant against Plaintiff Myers regarding the October 7, 2017 Speed and Failure to Signal tickets, and further states that Defendant Lawless pressured Sergeant Mick to sign the Resisting Arrest charge against Plaintiff Myers. Sergeant Mick noted in his affidavit that , "*I do not believe the warrant was a valid warrant and I choose to no longer pursue the case*."

13

81. On July 31, 2018 the three false and fabricated charges of Inducing Panic, Resisting Arrest, and Disorderly Conduct against Plaintiff Myers were dismissed by the Washington Court House Municipal Court.

**FEBRUARY 23, 2018 – TELECOMMUNICATION HARASSMENT**

82. With the assistance of Defendant Lawless, Ms. Carroll-Landman continued to harass Plaintiff Myers, even after her November 29, 2017 confrontation with Plaintiff Myers at the New Holland Mayor's Court.

83. On February 23, 2018, Plaintiff Myers received a voicemail from Ms. Carroll-Landman. In the voicemail, Ms. Carroll-Landman called Plaintiff Myers a "fucking fag."

84. The first call was received on February 23, 2018 at 12:30 P.M. from the cell phone of Ms. Carroll-Landman and was followed by approximately six more consecutive calls starting at 1:05 P.M., with all of these additional calls coming from the phone number 740-495-5097, which is the phone number of the Office of the Village of New Holland located at 10 East Front Street, New Holland, Ohio 43145.

85. In response to these calls, Plaintiff Myers was granted, a protection order against Brenda Carroll-Landman in Warren County, Ohio. Ms. Carroll-Landman was later charged with telecommunications harassment in relation to the February 23, 2018 phone calls to Plaintiff Myers.

86. On July 11, 2018, Brenda Carroll-Landman reached out to New Holland Sergeant Charles "Brad" Mick to provide her statement of events. Mayor Defendant Betzko, instructed Sergeant Mick to stop the interview with Ms. Carroll-Landman.

14

87. Brenda Carroll-Landman told Sergeant Mick that on February 23, 2018, while she was inside the New Holland Police Division, she called Plaintiff Myers on the desk phone in Defendant Lawless' office and admitted to calling Plaintiff Myers a "fucking fag" from inside the police chief's office.

88. Brenda Carroll-Landman further stated that Defendant Lawless provided her with Plaintiff Myers' phone number and that Defendant Lawless was present while she made the harassing phone calls to Plaintiff Myers on February 23, 2018.

89. Sergeant Mick filed misdemeanor charges of Telecommunications Harassment and Dereliction of Duty against Defendant Lawless for his role in helping Brenda Carroll-Landman harass Plaintiff Myers.

90. Sergeant Mick also charged Defendant Betzko with a misdemeanor charge of Obstructing Official Business for trying to stop Sergeant Mick from interviewing Brenda Carroll-Landman about the telecommunications harassment.

91. In June of 2018, Defendant Lawless hosted a festival on the grounds of the Village of New Holland Police Division. Upon information and belief, this festival was sponsored by the Defendants for the sole purpose of disparaging, defaming, and harassing Plaintiff Myers.  This festival was advertised on social media as the "Derek Myers Sucks Festival."

92. In July 2018, Defendant Lawless resigned as Chief of Police.

93. In August 2018, New Holland appointed Defendant Christopher Mosley as the new Chief of Police.

**OCTOBER 30, 2018 – CHARGES OF OBSTRUCTION, INDUCING PANIC, AND RESISTING ARREST**

94. On October 30, 2018, Plaintiff Myers was charged with crimes by the New Holland Police Department by the new police chief, Defendant Christopher Mosley.

95. On October 30, 2018, Plaintiff Myers was peacefully camping with permission on private property owned by Karen Francis when New Holland Police Officer Cody Powell arrived and asked for Myers' ID, upon which Plaintiff Myers provided his social security number to Officer Powell.

96. Officer Powell then placed Plaintiff Myers in handcuffs and placed Plaintiff Myers in the back of his police cruiser, causing damage to Plaintiff's Myers thumb.

97. Officer Powell then called the new police chief, Defendant Mosley, to the scene of the arrest.

98. At the scene Defendant Mosley told Plaintiff Myers that he could "make a deal" with Plaintiff Myers and could write him up for a minor misdemeanor of disorderly conduct if Plaintiff Myers would "take it easy" on the Defendant Village of New Holland in his news reporting.

99. Chief of Police Defendant Mosley later asked Sergeant Mick if he could "influence Mr. Myers" and get him to write positive articles about the Defendant Village of New Holland in exchange for evidence about possible corruption in a neighboring county that could be beneficial for Plaintiff Myers' career, Sergeant Mick declined to do so.

100. Plaintiff Myers was subsequently charged with Obstruction, Inducing Panic, and Resisting Arrest for the events stemming from October 30, 2018.

101. Plaintiff Myers spent 35 days in jail because of these false and fabricated charges.

16

102.    All three charges were later dismissed by the Circleville Municipal Court.

## CLAIMS FOR RELIEF

## COUNT ONE

## 42 U.S.C. § 1983 – UNLAWFUL ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

103.    The preceding paragraphs are incorporated by reference as if fully restated herein.

104.    This claim is brought pursuant to 28 U.S.C. § 1983 to vindicate Plaintiff's right against unlawful arrest under the Fourth and Fourteenth Amendments to the Constitution of the United States.

105.    Plaintiff Myers' arrest on November 30, 2017 by Defendants was an unlawful arrest as there was no probable cause to issue the initial warrant for Plaintiff Myers because he had only been charged with two non-jailable offenses at that time.

106.    The three additional charges for which Plaintiff Myers was arrested on November 30, 2017, "Resisting Arrest", "Inducing Panic" and "Disorderly Conduct," were later admitted by Sergeant Mick to be false and fabricated and these charges were dismissed by the Circleville Municipal Court.

107.    Plaintiff Myers' arrest on October 30, 2018 by Defendants was also unlawful as Defendant Mosley only arrested Plaintiff Myers in retaliation for his stories posted about Defendant New Holland.

108.    Defendant Mosley told Plaintiff Myers that he would write him up for a lessor crime if he would "take it easy" on the Village in his news reporting.

17

109.     Plaintiff Myers refused to succumb to Defendant Mosley's threats and intimidation and the charges against Plaintiff Myers were later dismissed by the Circleville Municipal Court.

110.     At all times material hereto, Defendants were employees and/or agents of Defendant Village of New Holland and acting within the course and scope of their employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant Village of New Holland.

111.     As a direct and proximate result of the actions of these Defendants, Plaintiff Myers was seized, incarcerated, repeatedly summoned to court, suffered extreme pain and emotional distress, humiliation, fear, and personal and economic injury. Plaintiff Myers incurred medical and legal expenses and will continue to suffer injury and loss in the future, and incurred court fees and costs.

### COUNT TWO

### 42  U.S.C. § 1983 – RETALIATORY ARREST/PROSECUTION IN VIOLATION OF THE FIRST AMENDMENT

112.     The preceding paragraphs are incorporated by reference as if fully restated herein.

113.     This claim is brought pursuant to the First and Fourteenth Amendments to the Constitution of the United States, to vindicate Plaintiff's right to free expression.

114.     It is well established that government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in

substantial part by a desire to punish an individual for exercise of a constitutional right.

115.     Retaliation under color of law for the exercise of First Amendment rights is unconstitutional.

116.     The Sixth Circuit in recent years has reached a coalescence of law that even an arrest supported by probable cause could nevertheless violate the First Amendment if the arrest was motivated by retaliation.

117.     On October 7, 2017, Plaintiff published an article online that harshly criticized New Holland Mayor, Defendant Betzko, and Plaintiff continued to harshly criticize Betzko and the New Holland Police Department in subsequent articles published online and on social media posts.

118.     In retaliation for exercising his right to free expression, Defendants charged Plaintiff with various misdemeanor crimes.

119.     Within an eight-week span, Defendant Lawless charged Plaintiff Myers with a total of ten (10) different misdemeanor crimes.

| | | |
|---|---|---|
| October 7, 2017: | Speed | DISMISSED |
| October 7, 2017: | Failure to Signal | DISMISSED |
| October 13, 2017: | Stalking by Menacing | DISMISSED |
| October 13, 2017: | Menacing | DISMISSED |
| October 13, 2017: | Disturbing a Lawful Meeting | REDUCED to Disorderly Conduct |
| November 29, 2017: | Reckless Operation | DISMISSED |
| November 29, 2017: | Peeling Out | DISMISSED |
| November 30, 2017: | Resisting Arrest | DISMISSED |
| November 30, 2017: | Inducing Panic | DISMISSED |
| November 30, 2017: | Disorderly Conduct Charges | DISMISSED |

120.    Defendant Lawless made it clear that these charges and arrests were an attempt to silence Plaintiff Myers and keep him from posting negative articles about Defendant New Holland.

121.    On October 30, 2018, Defendant Mosley also arrested Plaintiff Myers in retaliation for his stories posted about Defendant New Holland, with  Defendant Mosley expressly telling Plaintiff Myers that he would write him up for a lessor crime if he would "take it easy" on the Village in his news reporting.

122.    Plaintiff Myers exercised his First Amendment rights when he published articles about Defendants and otherwise voiced his disapproval of the Defendants' actions.

123.    Each time that Plaintiff Myers was arrested or charged with a crime, as enumerated above, it was done in direct retaliation for Plaintiff Myers exercising his First Amendment rights.

124.    Defendants knew that their actions were in violation of Plaintiff Myers' federally protected rights or were reckless in disregard of those rights.

125.    As a direct and proximate result of the actions of these Defendants, Plaintiff Myers was seized, incarcerated, repeatedly summoned to court, suffered extreme pain and emotional distress, humiliation, fear, and personal and economic injury.

126.    Plaintiff Myers incurred medical and legal expenses and will continue to suffer injury and loss in the future and incurred court fees and costs.

## **COUNT THREE**

### **42  U.S.C. § 1983 – MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT**

127.     The preceding paragraphs are incorporated by reference as if fully restated herein.

128.     The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment which encompasses wrongful investigation, prosecution, conviction, and incarceration.

129.     The tort of malicious prosecution is distinct from that of false arrest, as the malicious- prosecution tort remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.

130.     Defendants only investigated, prosecuted, and incarcerated Plaintiff Myers for the thirteen (13) misdemeanors as described above in an attempt to intimidate Plaintiff Myers and force him to stop reporting negative articles about Defendant New Holland (The 10 charges issued by Defendant Lawless as described in Paragraph 110 herein and the 3 additional charges issued by Defendant Mosley).

| October 30, 2018: | Obstruction | DISMISSED |
| October 30, 2018: | Inducing Panic | DISMISSED |
| October 30, 2018: | Resisting Arrest | DISMISSED |

131.     There was lack of cause for the criminal prosecutions against Plaintiff Myers and as a consequence of the prosecutions, Plaintiff Myers suffered a deprivation of liberty.

132.     Most of the prosecutions were resolved in Plaintiff Myers' favor with the prosecutions that were not resolved in Plaintiff Myers' favor still pending because Plaintiff Myers requested an appeal, but Defendants have refused to honor it.

133.     As a direct and proximate result of the actions of the Defendants, Plaintiff Myers was seized, incarcerated, repeatedly summoned to court, suffered extreme

21

pain and emotional distress, humiliation, fear, and personal and economic injury. Plaintiff Myers incurred medical and legal expenses and will continue to suffer injury and loss in the future and incurred court fees and costs.

## COUNT FOUR

### 42 U.S.C. § 1985 – CIVIL CONSPIRACY

134.    The preceding paragraphs are incorporated by reference as if fully restated herein.

135.    Under 42 U.S.C. § 1985, it is unlawful for any party to conspire with another party to deprive others of their civil rights.

136.    Defendants conspired together for the purpose of depriving Plaintiff Myers of his constitutional rights.

137.    Defendant Betzko and Defendant Lawless were working together to silence Plaintiff Myers and to protect their reputations and the reputation of the Defendant Village of New Holland.

138.    Defendant Betzko, as mayor of New Holland, failed to discipline Defendant Lawless for his unlawful actions against Plaintiff Myers and was with Defendant Lawless at the time of Plaintiff Myers' first arrest.

139.    Defendant Betzko's clerk, Shannon Clegg, informed Plaintiff Myers that it was at Mayor Defendant Betzko's request that Defendant Lawless reach out to Plaintiff Myers on October 6, 2017 in an attempt to silence Plaintiff Myers from negative news reporting.

140.    Defendants Lawless conspired to harass Plaintiff Myers in an attempt to silence Plaintiff Myers.

22

141.     Defendants conspired to fabricate menacing charges against Plaintiff Myers.

142.     Defendants conspired to concoct allegations that Plaintiff Myers was sexually molesting young boys.

143. Defendants conspired to steal Plaintiff Myers phone and laptop.

144.     On or about March 12, 2018, Defendants conspired to pass a resolution to "pursue all legal avenues in regards to Dereck [sic] Myers and declaring this to be an emergency.", with said resolution signed by Mavis Yourchuck, Fiscal Officer for the Village of New Holland, and by Mayor Defendant Betzko on April 9, 2018.

145.     Subsequent to and pursuant to the order of the Village Council through its resolution, Plaintiff Myers was charged and arrested for three more criminal offenses by the Defendants, all of which were eventually dismissed.

146.     As a direct and proximate result of the actions of these Defendants, Plaintiff Myers was seized, incarcerated, repeatedly summoned to court, suffered extreme pain and emotional distress, humiliation, fear, and personal and economic injury. Plaintiff Myers incurred medical and legal expense and will continue to suffer injury and loss in the future and incurred court fees and costs.

## COUNT FIVE

## 42 U.S.C. § 1985 – *MONELL* CLAIMS AGAINST VILLAGE OF NEW HOLLAND

147.     The preceding paragraphs are incorporated by reference as if fully restated herein.

148.     At all times material hereto, Defendants were employees and/or agents of Defendant Village of New Holland and were acting within the course and scope of

23

their employment with same, and in furtherance of the interest of Defendant Village of New Holland, and with Defendant Village of New Holland's consent.

149.     The Village of New Holland directly caused the constitutional violations suffered by Plaintiff Myers and is liable for the damages suffered by Plaintiff Myers as a result of the conduct of the individually named Defendants, which said conduct being a  direct consequence of policies and practices of Defendant Village of New Holland.

150.     Defendant Mayor Betzko had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendant Lawless and Defendant Mosley.

151.     A proper investigation would have concluded that Defendants participated in a pattern of conduct toward Plaintiff Myers that was unconstitutional and that Defendant Betzko, as a policymaker for the Defendant Village of New Holland, participated in and created a pattern of conduct that was unconstitutional.

152.     Defendant Lawless, as the Chief of Police and Village Administrator, was the policymaker for the Defendant Village of New Holland and participated in and created a pattern of conduct that was unconstitutional.

153.     Defendant Village of New Holland had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendant Betzko, Defendant Lawless, and Defendant Mosley. A proper investigation would have concluded that these Defendants participated in a pattern of conduct that was unconstitutional.

154.     At the time of the incidents described in this Complaint, the pattern of unlawful conduct was established through policy, practice and custom of the Defendant Village of New Holland and the New Holland Police Division.

155.     By tacitly authorizing the behavior of Defendants, the policymakers and those responsible for hiring, training and supervision of police officers within the Village of New Holland acted negligently, recklessly, intentionally, willfully, wantonly, knowingly and with deliberate indifference to the serious safety needs of the citizens of the Village of New Holland, including Plaintiff Derek Myers.

156.     Defendant Village of New Holland has a policy, practice and custom of failing to adequately investigate and discipline police officers who exhibit unconstitutional conduct. This policy, practice and custom was the moving force behind the unconstitutional actions against Plaintiff Derek Myers.

157.     Defendant Village of New Holland has a policy, practice and custom of failing to investigate civilian complaints against officers consisting of unconstitutional conduct. This policy, practice and custom was the moving force behind the unconstitutional actions against Plaintiff Derek Myers.

## COUNT SIX

### MALICIOUS PROSECUTION UNDER OHIO LAW

158.     The preceding paragraphs are incorporated by reference as if fully restated herein.

159.     Defendants only investigated, prosecuted, and incarcerated Plaintiff Myers for the thirteen (13) misdemeanors as described above in an attempt to intimidate

Plaintiff Myers and force him to stop reporting negative articles about Defendant New Holland.

160.    There was lack of probable cause for the criminal prosecutions against Plaintiff Myers and as a consequence of the prosecutions, Plaintiff Myers suffered a deprivation of liberty.

161.    Most of the prosecutions were resolved in Plaintiff Myers' favor with the prosecutions that were not resolved in Plaintiff Myer's favor still pending because Plaintiff Myers requested an appeal, but Defendants have refused to honor it.

162.    As a direct and proximate result of the actions of the Defendants, Plaintiff Myers was seized, incarcerated, repeatedly summoned to court, suffered extreme pain and emotional distress, humiliation, fear, and personal and economic injury. Plaintiff Myers incurred medical and legal expenses and will continue to suffer injury and loss in the future and incurred court fees and costs.

## COUNT SEVEN

### CIVIL CONSPIRACY UNDER OHIO LAW

163.    The preceding paragraphs are incorporated by reference as if fully restated herein.

164.    Defendants conspired together for the purpose of depriving Plaintiff Myers of his constitutional rights.

165.    Defendant Betzko and Defendant Lawless were working together to silence Plaintiff Myers and to protect their reputations and the reputation of the Defendant Village of New Holland.

166.     Defendant Betzko, as mayor of New Holland, failed to discipline Defendant Lawless for his unlawful actions against Plaintiff Myers and was with Defendant Lawless at the time of Plaintiff Myers' first arrest.

167.     Defendant Betzko's clerk, Shannon Clegg, informed Plaintiff Myers that it was at Mayor Defendant Betzko's request that Defendant Lawless reach out to Plaintiff Myers on October 6, 2017 in an attempt to silence Plaintiff Myers from negative news reporting.

168.     Defendants conspired to harass Plaintiff Myers in an attempt to silence Plaintiff Myers.

169.     Defendants conspired to fabricate menacing charges against Plaintiff Myers.

170.     Defendants conspired to concoct allegations that Plaintiff Myers was sexually molesting young boys.

171. Defendants conspired to steal Plaintiff Myers phone and laptop.

172.     On or about March 12, 2018, Defendants conspired to pass a resolution to "pursue all legal avenues in regards to Dereck [sic] Myers and declaring this to be an emergency.", with said resolution signed by Mavis Yourchuck, Fiscal Officer for the Village of New Holland, and by Mayor Defendant Betzko on April 9, 2018.

173.     Subsequent to and pursuant to the order of the Village Council through its resolution, Plaintiff Myers was charged and arrested for three more criminal offenses by the Defendants, all of which were eventually dismissed.

174.     As a direct and proximate result of the actions of these Defendants, Plaintiff Myers was seized, incarcerated, repeatedly summoned to court, suffered extreme

27

pain and emotional distress, humiliation, fear, and personal and economic injury. Plaintiff Myers incurred medical and legal expense and will continue to suffer injury and loss in the future and incurred court fees and costs.

## COUNT EIGHT

### ABUSE OF PROCESS

175.     The preceding paragraphs are incorporated by reference as if fully restated herein.

176.     Defendants have initiated legal proceedings in an attempt to accomplish ulterior purposes including the harassment of Plaintiff Myers and to stop Plaintiff Myers from exercising his First Amendment Rights.

177.     Defendants have used the legal process to accomplish a result outside its legal scope.

178.     As a direct and proximate result of Defendants' abuse of process, Plaintiff Myers have been harassed, suffered damages and continues to suffer damages.

## COUNT NINE

### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMPOTIONAL DISTRESS

179.     The preceding paragraphs are incorporated by reference as if fully restated herein.

180.     Defendants Betzko, Lawless and Mosley owe a duty to Plaintiff Myers to refrain from intentional and/or negligent injury. The wrongful conduct of Defendants as alleged herein has resulted in and/or has continued to result in the intentional and/or negligent infliction of emotional distress to Plaintiff Myers for which Defendants are jointly and severally liable.

28

181.     Defendants Betzko, Lawless and Mosley have breached their duty to Plaintiff Myers based on their conduct, actions, and/or inactions as alleged herein, and Defendants intentionally and proximately caused injury to Plaintiff Myers in the form of embarrassment, mental anguish, loss of reputation, loss of self-esteem, and harm to Plaintiff Myers' relationship with his family, and other emotional distress resulting in physical injury in form of adverse health effects. Said injuries caused extreme pain and suffering in the past and will likely continue to cause pain and suffering in the future.

182.     Defendants Betzko, Lawless and Mosley conduct as alleged herein was and/or is outrageous and has proximately caused damage to Plaintiff Myers arising from the intentional infliction of emotional distress upon him for which Plaintiff Myers is entitled to judgment and recovery under Ohio law against Defendants, jointly and severally.

## COUNT TEN

### DEFAMATION

183.     The preceding paragraphs are incorporated by reference as if fully restated herein.

184.     Defendants Betzko, Lawless and Mosley "published" false statements of fact about the Plaintiff Myers when they held the festival in June 2018 on the grounds of the Village of New Holland Police Division for the sole purpose of disparaging, defaming, and harassing Plaintiff Myers.

185.     The false charges and festival referenced herein caused actual harm to Plaintiff Myers' reputation, exposed him to public hatred, contempt, ridicule,

29

shame, disgrace, and adversely affected Plaintiff Myers' business and personal reputation. Defendants Betzko, Lawless and Mosley are entirely guilty of the damage caused to Plaintiff Myers.

## COUNT ELEVEN

### CIVIL TEHFT

186.     The preceding paragraphs are incorporated by reference as if fully restated herein.

187.     Defendants have stolen or cause to be stolen Plaintiff's computer hard drive.

188.     Ohio Revised Code 2307.61 "Civil action for willful damage or theft" states a property owner may bring a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code.

189.     Defendants, through their theft from Plaintiff, have taken valuable property from Plaintiff.

190.     Plaintiff has been damaged by Defendants wrongful theft from Plaintiff.

191.     Such acts of theft have caused substantial damages and potentially irreparable injury to Plaintiff.

192.     Plaintiff is therefore entitled to compensatory damages and a judgment against Defendant in an amount to be determined at trial.

193.     Defendants' acts demonstrated malice and aggravated or egregious fraud. Plaintiff has suffered actual damages that resulted from those acts of Defendants.

194.     Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial against Defendants together with costs of this action and reasonable attorney's fees.

**DEMAND FOR RELIEF:**

***On COUNT ONE – UNLAWFUL ARREST:***

1.     Plaintiff Myers prays for judgment against all Defendants, jointly and severally, in an amount no less than $75,000.

2.     Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Lawless and Mosley together with costs of this action and reasonable attorney's fees.

3.     Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.     Plaintiff Myers prays for such other and further relief to which it may be entitled.

***On COUNT TWO – RETALIATORY ARREST:***

1.     Plaintiff Myers prays for judgment against all Defendants, jointly and severally, in an amount no less than $75,000.

2.     Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Lawless and Mosley together with costs of this action and reasonable attorney's fees.

3.     Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.     Plaintiff Myers prays for such other and further relief to which it may be entitled.

***On COUNT THREE – MALICIOUS PROSECUTION:***

31

1.      Plaintiff Myers prays for judgment against all Defendants, jointly and severally, in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Lawless and Mosley together with costs of this action and reasonable attorney's fees.

3.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

*4.*      Plaintiff Myers prays for such other and further relief to which it may be entitled.

### On COUNT FOUR – CIVIL CONSPIRACY:

1.      Plaintiff Myers prays for judgment against all Defendants jointly and severally, in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Mosley and Lawless together with costs of this action and reasonable attorney's fees.

3.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

### On COUNT FIVE – MONELL CLAIMS:

1.      Plaintiff Myers prays for judgment against the Village of New Holland in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

3.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

***On COUNT SIX* – MALICIOUS PROSECUTION UNDER OHIO LAW*:*

1.      Plaintiff Myers prays for judgment against all Defendants, jointly and severally, in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Mosley and Lawless together with costs of this action and reasonable attorney's fees.

3.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

***On COUNT SEVEN* – CIVIL CONSPIRACY (OHIO)*:*

1.      Plaintiff Myers prays for judgment against all Defendants, jointly and severally, in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Mosley and Lawless together with costs of this action and reasonable attorney's fees.

3.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

***On COUNT EIGHT* – ABUSE OF PROCESS*:*

1.      Plaintiff Myers prays for judgment against all Defendants, jointly and severally, in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Mosley and Lawless together with costs of this action and reasonable attorney's fees.

3.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

*On COUNT NINE* **– INTENTIONAL/NEGLIGENT INFLICTION EMOTIONAL DISRTRESS***:*

1.      Plaintiff Myers prays for judgment against Defendants Betzko, Lawless and Mosley, jointly and severally, in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Lawless and Mosley together with costs of this action and reasonable attorney's fees.

3.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

*On COUNT TEN* **– DEFAMATION***:*

1.      Plaintiff Myers prays for judgment against Defendants Betzko, Lawless and Mosley, jointly and severally, in an amount no less than $75,000.

2.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Lawless and Mosley together with costs of this action and reasonable attorney's fees.

3.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

4.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

***On COUNT ELEVEN* – CIVIL THEFT*:**

5.      Plaintiff Myers prays for judgment against all Defendants, jointly and severally, in an amount no less than $75,000.

6.      Plaintiff Myers prays for an award of punitive damages in an amount to be determined at trial against Defendants Betzko, Lawless and Mosley together with costs of this action and reasonable attorney's fees.

7.      Plaintiff Myers prays for an award of costs of this action and reasonable attorney's fees against Defendant Village of New Holland.

8.      Plaintiff Myers prays for such other and further relief to which it may be entitled.

**JURY DEMAND ENDORSED HERON**

Plaintiff requests a jury trial on all claims triable to a jury.

Respectfully Submitted,

*/s/ Jud R. Mauger*
**Wesp Barwell, LLC**
Attorneys at Law
Jud R. Mauger (0063375)
Jessica A.  Barwell (0088716)
Gregory P. Barwell (0070545)
100 E Broad Street, Suite 2350
Columbus, OH 43215
Ph:  (614) 456-0488
Fax: (614) 456-0488
Email:  gbarwell@wesplaw.com
Email:  jbarwell@wesplaw.com
Email: jmauger@wesplaw.com
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on January 4, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

*/s/ Jud R. Mauger*
Jud R. Mauger (0063375)